## HARVEY et al. v. STEPHENS, Appellant.-

**Division One, February 12, 1901.**

1. **Attachment:** MORTGAGE: BALANCE.   Where the amount of the debts for which merchants mortgaged their goods was $1,000, and they were then attached, and the mortgagees brought suit for possession, alleging the goods to be worth $3,100, and at the sale they actually brought $1,950, it was error to instruct the jury to find the issues for the plaintiffs. The mortgagees had no greater right in the proceeds of the goods than the amount of their debt secured by the mortgage under which they claim; and when that is a definite or ascertainable sum, it should mark the limit of their right to a judgment against one having the lawful custody of the property under an attachment at the time of the institution of their suit in replevin.

2. ————: ————: PARTNERSHIP: INDIVIDUAL DEBTS.  A mortgage made by one of the partners of his interest in the partnership, to secure his individual debt, can not take precedence over a statutory attachment by a bona fide creditor of the firm, for, as to them, and all other creditors of the partnership, such mortgage is illegal.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes*, Judge.

REVERSED AND REMANDED.

*Geo. Robertson* and *F. R. Jesse* for appellant.

(1) To enable plaintiffs to recover in a replevin suit they must show title as against the party holding possession.   The two chattel mortgages introduced in evidence do not show title in plaintiffs against the sheriff, who was in possession of the property for the partnership creditors of the firm.   The

mortgage and note introduced by plaintiff which was given by Roy Medley to his sister, Effie Medley, on his individual one-half interest in the stock to secure an individual debt and which was assigned to plaintiffs was absolutely void as to partnership creditors. Ewert v. Mercantile Co., 130 Mo. 112; DuPont v. McLaren, 61 Mo. 508; Bank of Clinton v. Brensen, 97 Mo. 105. (2) The plaintiffs had taken possession of the merchandise under the writ of replevin and had it at the time of the trial or had disposed of it and had the proceeds. The sheriff, defendant, had a special interest in all over the value of plaintiffs' valid mortgage. But under the verdict plaintiffs take more than their interest. A verdict should have been rendered assessing the value of the plaintiffs' interest therein as well as the value of the whole property. Boutell v. Warne, 62 Mo. 350; Delworth v. McKelvey, 30 Mo. 149; Daugherty v. Cooper, 77 Mo. 528; Balridge v. Dawson, 39 Mo. App. 527; Lewis v. Muson, 64 Mo. 551; Mfg. Co. v. Roeder, 44 Mo. App. 324; Kers v. Drew, 90 Mo. 147.

*Stockwell & Lamb* for respondents.

(1) The appeal in this case should be dismissed because of appellant's failure to file such an abstract of the record as is required by rule 13 of this court. Craig v. Scudder, 98 Mo. 664; Cunningham v. Railroad, 110 Mo. 208; Garrett v. Mining Co., 111 Mo. 281; Brand v. Cannon, 118 Mo. 595; Nolan v. Johns, 126 Mo. 167; Ramsey v. Shannon, 140 Mo. 281; Sedgwick County v. Newton County, 144 Mo. 301; Snoddy v. Jasper County, 146 Mo. 112; Herrman v. Daily, 74 Mo. App. 505; Costello v. Fesler, 80 Mo. App. 107; Halstead v. Stone, 147 Mo. 649; Murrall v. McGuigan, 148 Mo. 334. (2) Said appeal should be dismissed for the further reason that the brief of appellant does not allege "separately and distinctly" what

errors of the trial court are complained of by him, as required by rule 15. Giboney v. Ins. Co., 48 Mo. App. 185; Powell v. Moeller, 149 Mo. 471. Said appeal should be dismissed for the additional reason that appellant nowhere asks, in his abstract, statement or brief, that the judgment of the circuit court be reversed, modified, or interfered with in any way. So far as his printed pamphlet indicates, the case is brought up merely for discussion of certain legal abstractions, without hope or desire on the part of appellant to change the result of the trial in the court below. If appellant desires an adjudication of the case by this court, he should have asked for it.

ROBINSON, J.—This is a suit for the possession of a stock of goods of the alleged value of $3,100 instituted by the plaintiffs against J. W. Stephens, sheriff of Audrain county, on April 17, 1896. It appeared by the evidence, at the trial, that the defendant, as sheriff of Audrain county, levied upon and seized the goods in question, and was holding same at the time of the institution of this suit, under several writs of attachment issued in behalf of the partnership creditors of the firm of Medley & Morgan, engaged in the retail mercantile business in the town of Vandalia in this State. That while in business the firm of Medley & Morgan, composed of Roy Medley and J. H. Morgan, became indebted to a number of wholesale houses for goods purchased, and also to the Vandalia Banking Association for $500 borrowed money. In addition to the copartnership indebtedness of the firm, it appears that each of the individual members thereof had also become indebted on his personal account for considerable sums. When the wholesale house began pressing Medley & Morgan for settlement, Roy Medley for himself, on the thirty-first day of March, 1896, executed a chattel mortgage on, "the undivided one-half part of the stock of goods, wares, merchandise, furniture and

fixtures belonging to the firm of Medley & Morgan now in their store building in the city of Vandalia," etc., to his sister, Effie Medley, to secure a past due note of $500, which he owed to her. On the same day said Roy Medley, on behalf of Medley & Morgan, executed a chattel mortgage covering the entire stock of goods and merchandise, etc., belonging to them, to W. H. Morgan and W. C. Harvey, the plaintiffs herein, subject, however, to the chattel mortgage theretofore given by said Roy Medley on his interest in the stock of goods to his sister Effie Medley, conditioned to indemnify the said W. H. Morgan and W. C. Harvey as securities on a note of the firm of Medley & Morgan for $500 previously given to the Vandalia Banking Association. Other mortgages were given by the individual members of the firm of Medley & Morgan, to secure individual indebtedness, the details of which are of no concern to the consideration of the case in hand. These mortgages were all filed for record in Audrain county, April 1, 1896, and they each provided that Medley & Morgan should remain in possession of the stock of goods until default in the payment of the obligations secured. No right of disposition of the property by the mortgagors was contained in either of the mortgages. Nor did either contain a provision for an accounting to the mortgagees in the event of a sale or disposition of any part of the goods by the mortgagors; and no actual sale of any particular part of the mortgaged property is definitely shown in the meager record before us, but the general statement is made therein that the mortgagors kept their store open and continued to conduct their business, after the execution of the mortgages, just as they had always done, until the store was taken charge of and closed by the defendant herein, as sheriff, under several writs of attachments issued in behalf of the copartnership creditors of Medley & Morgan. That the debts of the firm of Medley and Morgan at this time amounted to about $3,000,

and that their assets were about $2,000; that the plaintiffs on the fifteenth of April, 1896, paid off the note to the Vandalia Banking Association which they as securities had signed with Medley & Morgan, and on account of which one of the chattel mortgages under which they now claim was given; that they took up and had assigned to them the notes and mortgage given to Effie Medley, and on the seventeenth of April, while the defendant as sheriff, was in possession of the stock of goods in controversy, under the several writs of attachment above set out, caused this suit to be instituted for the possession of the entire stock of goods and other property in the hands of the sheriff, gave bond, took the possession thereof, and sold same for $1,950. Testimony was offered tending to show that Medley & Morgan had made false statements as to the amount of their assets and liabilities to their wholesale creditors for the purpose of enlarging their credit. Testimony was also offered, with the evident purpose of trying to show that the plaintiff W. C. Harvey, had in some way attempted to exaggerate the credit and standing of the firm of Medley & Morgan, to some of the wholesale houses with whom they were dealing and thus assisted Medley & Morgan in their fraudulent scheme. At the close of all the testimony, however, the court at the request of plaintiffs gave the following instructions: "The court instructs the jury to find the issue for plaintiffs Harvey and Morgan, and assess their damages at the sum of one cent."

From the judgment rendered upon the verdict so ordered, defendant after the usual steps has brought the case here on appeal.

Upon what theory the trial court based its action in giving the peremptory instruction herein we are not informed, and no brief has been filed by respondent attempting its vindication.

Under no possible consideration of the facts developed by the record, however, could the instruction as given be sustained, or the judgment upon the verdict so rendered be upheld. Granting that the testimony offered on the part of the defendant, attempting to connect the plaintiff Harvey with the fraud of the attachment defendants, Medley & Morgan, was wholly insufficient to justify the submission of that question to the jury, and that the facts shown were inadequate to authorize the submission to the jury of the question as to whether the mortgages given by Roy Medley for himself and for Medley & Morgan (under which the plaintiffs claim the property in controversy) was not invalidated as against the co-partnership creditors of the mortgagors, Medley & Morgan, on account of their retention of possession of the goods mortgaged and selling same in the usual course of business without being required to account to the mortgagees for the proceeds of such sales, the two mortgages offered in evidence (under which alone plaintiffs claim the right to the possession of the property in suit) upon their face show, that plaintiff's interest under them in no circumstance could exceed the sum of one thousand dollars, while the facts show that plaintiff in their petition allege the goods to have been of the value of $3,100 at the time they were replevied, and that after getting the possession thereof they were sold by plaintiffs for the actual sum of $1,950 in cash. As against the defendant, who held the goods in controversy at the time of the institution of this suit, under writs of attachment against the mortgagees Medley & Morgan, the plaintiff's interest therein, was no greater than it would have been, had suit been instituted against the mortgagees direct, and the interest in that suit was being adjusted after the goods had been sold by the mortgagees since obtaining possession under their writ. The mortgagees' rights to the proceeds of the sale of the property taken, is no greater than the money value of the

obligation secured by the mortgage or mortgages under which they claim, and when that is a definite or ascertainable sum, that should mark the limits of their right to a judgment against one having the lawful custody of the property at the time of the institution of this suit, and the direction of a general judgment in favor of the mortgagees, as if they were the absolute and unconditional owners of the property, and defendant a mere stranger, was erroneous, and must result in the reversal and remanding of the cause for new trial. Under our statute for the claim and delivery of personal property, provision is ample to meet all the exigencies that may arise in a given case, as under the old action of replevin, where the equity of its provisions embraced all those modifications of the forms in which judgment should be entered, to protect the rights and interests of all parties involved.

When plaintiff's interest in the property upon their own representation, was shown to have been special and limited, and since reaching their hands had been sold and converted into money, that interest should have been assessed and determined and the excess of money above that determination with the costs of the suit, ordered returned to defendant, to the amount as his interest therein might appear.

What we have said above has been predicated upon the assumption that we were dealing with two valid mortgages, entitling plaintiff as against Medley & Morgan or their creditors, to the possession of the property named therein, to the extent of the value of their secured obligations. Such, however, is not the real fact of the situation. The first mortgage (under which plaintiffs claim by assignment from Effie Medley) made by Roy Medley for himself upon his undivided one-half interest in the stock of goods in controversy then belonging to the firm of Medley & Morgan, to secure his individual indebtedness, was clearly void as against the copartnership

creditors of Medley & Morgan (for whom the defendant as sheriff was holding the property in controversy at the time plaintiff instituted these proceedings). The individual partner has no several right to a specific part of the co-partnership property, or interest therein, but is confined to what remains of the property after the co-partnership debts have all been paid, and the equities of the parties among themselves have been adjusted. The assets of the copartnership are joint property, and as such can only be disposed of by the joint action of the copartners or by one copartner for and in behalf of the copartnership. At best the plaintiff's first mortgage could have no greater effect than to operate as a transfer to them all the right that Roy Medley would have had to whatever surplus there might remain after the firm debts were all paid and the equities of his copartner adjusted and settled. The first mortgage given by Roy Medley to Effie Medley and under which plaintiffs in part are claiming the right to the possession of the property in controversy, is shown upon its face to be void as against the sheriff, the defendant herein, holding the property under writs of attachment issued in behalf of the copartnership creditors of Medley & Morgan, and the trial court should have so instructed the jury upon that issue.

Since this case is to be reversed and remanded for a new trial, for the reason indicated, it will serve no good purpose now to discuss the probative force and effect of the testimony offered by defendant upon the question of the plaintiff W. C. Harvey's alleged fraudulent conduct, or upon the question as to whether the mortgagors were permitted by the plaintiffs, after the execution of the mortgages, to sell and dispose of the property left in their possession without the requirement of an accounting to them of the proceeds of such sales or not. Suffice it to say, however, where substantial testimony is offered upon

a given issue, its determination should always be left to the jury, and never passed upon by the court.

The judgment of the circuit court is reversed and the cause remanded for a new trial. All concur.